IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kareem A. Doctor, a/k/a Kareem Antwan Doctor, | ) ) ) | C/A No.: 1:21-537-HMH-SVH |
| Petitioner, | ) ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| Thomson USP Illinois, | ) ) | |
| Respondent. | ) ) ) | |

Kareem A. Doctor ("Petitioner") is a federal inmate housed at the United States Prison in Thomson, Illinois, a facility of the Federal Bureau of Prisons ("BOP"). He filed a document styled as petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). For the reasons that follow, the undersigned recommends the district judge transfer this case to the Northern District of Illinois.

I.     Factual and Procedural Background

Petitioner filed the petition citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *Wheeler v. United States*, 886 F.3d 415 (4th Cir. 2018), for the proposition that his sentence should be vacated and corrected. [ECF No. 1 at 5–7]. Although Petitioner was sentenced in the District of South Carolina, he filed a petition pursuant to § 2241, having previously filed a motion

pursuant to 28 U.S.C. § 2255. *See United States v. Doctor*, C/A No. 2:13-811-RMG.[1]

## II.  Discussion

Petitioner has not stated any basis for jurisdiction in this court. District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Petitioner is in the custody of the BOP in Illinois. To the extent Petitioner is requesting this court order him to be released, this court lacks jurisdiction to entertain his petition. *See Rumsfeld*, 542 U.S. at 445 ("[T]he

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction."). The undersigned finds transfer of the instant petition to the Northern District of Illinois would serve the interests of justice and would not prejudice either party. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred to the United States District Court for the Northern District of Illinois.

IT IS SO RECOMMENDED.

February 22, 2021                         Shiva V. Hodges
Columbia, South Carolina        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).