## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Kareem A. Doctor (20597-171),    )
                                   )
             Petitioner,    )
                                   )     Case No. 21 C 50117
       v.                  )
                                 )     Hon. Iain D. Johnston
                                 )
USP Thomson,             )
                                 )
           Respondent.    )

## MEMORANDUM OPINION AND ORDER

Petitioner Kareem A. Doctor, a federal prisoner at USP Coleman II,[1] brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241 challenging his 2015 conviction and sentence for being a felon in possession of a firearm under 18 U.S.C. § 922(g). *See United States v. Doctor*, No. 2:13-CR-00811 (D.S.C.). He contends that he is entitled to relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (Dkt. 1, pg. 6.) For the reasons discussed below, Petitioner cannot satisfy 28 U.S.C. § 2255(e)'s savings clause to bring a § 2241 petition for habeas corpus relief. The petition (Dkt. 1.) is denied.

## I.    BACKGROUND

In 2015, Petitioner pleaded guilty, without a written plea agreement, to a one-count indictment that charged him with possession of a firearm by a convicted felon in violation of 18

---

[1] Petitioner commenced this action while incarcerated at USP Thomson, a prison located in the Northern District of Illinois. (Dkt. 4 & 7.) Although he was relocated to USP Coleman II in Florida, his transfer does not impact the Court's jurisdiction to resolve this case. *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

U.S.C. § 922(g).[2] (CR. Dkt. 61.) During his plea colloquy, Petitioner admitted that before this offense, he "had been previously convicted of a number of felonies." (CR. Dkt. 79, pg. 14.)

A pre-sentence investigation report (PSR) was prepared before Petitioner's sentencing. (Dkt. 18-1.) The PSR outlined Petitioner's extensive criminal history, including four different criminal episodes in violation of South Carolina law to which Petitioner pleaded guilty to on December 16, 2004:

(1) possession of cocaine and possession of crack cocaine on December 17, 2002;

(2) strong arm robbery, and assault of a high and aggravated nature (AHAN) on April 2, 2003;

(3) possession with intent to distribute (PWID) cocaine on February 1, 2004; and

(4) assault and battery of a high and aggravated nature (ABHAN), possession with intent to distribute cocaine, and possession of an illegal firearm on May 8, 2004.

*Id.* at 7-14.[3] For each of these offenses, Petitioner was sentenced to a prison term not to exceed six years with the exception of his conviction for possession of crack cocaine and cocaine, for which the sentence was not to exceed 5 years. *Id.*

Petitioner served over 11 months in prison for these crimes, from December 16, 2004, to November 30, 2005, before he was paroled. *Id.* His parole was revoked on May 9, 2006, and he was imprisoned for another 18 months until he was released on parole on November 30, 2007. *Id.* His parole expired on May 18, 2010. *Id.* The PSR indicated that while Petitioner was on parole, he

---

2 The Court references documents in Petitioner's criminal case record, *United States v. Doctor*, No. 2:13-CR-00811 (D.S.C.), as "CR" followed by the applicable document number.

3 Although Petitioner pleaded guilty to these offenses on the same day, the four incidents occurred on separate occasions. (Dkt. 18-1, pg. 7-9.)

was twice arrested in 2006 for failing to stop for a blue light.[4] *Id.* at 9-10. He pleaded guilty to these offenses in 2007 and received a sentence of 18 months. *Id.*

The PSR calculated a criminal history score of 20 for Petitioner, resulting in a criminal history category of VI. *Id.* at 12. Additionally, in light of Petitioner's two South Carolina PWID convictions and his South Carolina strong arm robbery conviction,[5] the PSR determined he was subject to the 15-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *Id.* at 7-9.

At sentencing, Petitioner did not raise any objections to the PSR's factual statements, and the district court adopted those statements as findings of fact. (CR. Dkt. 78, pg. 2-3.) He also agreed that his PWID convictions qualified as serious drug offenses under the ACCA, and did not raise any challenges as to the recitation of his criminal history. *Id.* at 4. Indeed, during his colloquy, Petitioner acknowledged his criminal past, stating: "I know I have a record and my record consists of armed robbery, battery and murders…I made some mistakes in the past of my life." *Id.* at 21. The only objection Petitioner raised at sentencing related to the PSR's finding that his prior strong arm robbery conviction constituted a "violent felony" within the meaning of § 924(e)(1). *Id.* at

---

4 The South Carolina "blue light" statute provides that "[i]n the absence of mitigating circumstances, it is unlawful for a motor vehicle driver, while driving on a road, street, or highway of the State, to fail to stop when signaled by a law enforcement vehicle by means of a siren or flashing light." S.C. Code Ann. § 56-5-750(A).

5 Petitioner was sentenced under South Carolina's Youthful Offender Act (YOA). (Dkt. 18-1, pg. 7-9.) The YOA "provides that '[i]n the event of a conviction of a youthful offender the court *may*," among other alternatives, "sentence the youthful offender indefinitely to the custody of the Department of Corrections for treatment and supervision until discharged by the Youth Offender Division, the period of custody not to exceed six years." *United States v. Sellers*, 806 F.3d 770, 771-72 (4th Cir. 2015) (citing S.C. Code Ann. § 24-19-50) (emphasis in original). The Fourth Circuit has held that prior South Carolina convictions for which such a YOA sentence is imposed qualify as predicates "for a federal sentence enhancement where the statute of conviction prescribes a qualifying term of imprisonment." *Id.* at 777.

4-6. The sentencing court disagreed with Petitioner's argument and, applying the ACCA, sentenced him to the mandatory minimum prison term of 15 years. *Id.* at 15, 22-23.

Petitioner appealed, challenging the district court's decision that his prior robbery conviction qualified as a predicate offense under the ACCA. *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016). The Fourth Circuit affirmed, *id.*, and the Supreme Court denied his petition for writ of certiorari. *Doctor v. United States*, 137 S. Ct. 1831 (2017) (mem.).

Upon conclusion of his direct appeal in 2017, Petitioner sought relief under 28 U.S.C. § 2255. (CR. Dkt. 86.) His *pro se* § 2255 motion argued that he was not subject to the ACCA because he did not have three "convictions… committed on occasions different from one another" because he was convicted of all three of his ACCA predicate offenses on the same day. The district court denied his § 2255 motion, finding his claim was not only procedurally defaulted, but also plainly refuted by the record which made clear that each of Petitioner's three offenses, committed on April 2, 2003, February 1, 2004, and May 8, 2004, was a separate and distinct criminal episode. (CR. Dkt. 87.) Petitioner appealed, but his appeal was untimely. *United States v. Doctor*, 740 F. App'x 292 (4th Cir. 2018). The Fourth Circuit therefore dismissed his appeal for want of jurisdiction. *Id.*

Petitioner now brings the instant § 2241 petition raising two claims. First, Petitioner challenges his felon in possession of a firearm conviction under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Dkt. 1, pg. 6.) Second, citing to the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), he contends that his prior South Carolina drug offenses do not qualify as predicate felonies under the ACCA. *Id.* For the reasons discussed below, the Court denies his petition.

4

## II.     Section 2255(e)'s Savings Clause

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)). Under § 2255, federal prisoners are limited to only one motion and cannot bring a second motion unless they can satisfy the requirements of § 2255(h) (new evidence of actual innocence or a new, retroactive rule of constitutional law). 28 U.S.C. § 2255(h).

If a prisoner cannot satisfy § 2255(h)'s gatekeeping provisions, a narrow alternative path to relief may be available under § 2255(e) (the "so-called 'savings clause'"). *Santiago v. Streeval*, 36 F.4th 700, 705 (7th Cir. 2022). Section 2255(e) allows a prisoner to seek habeas corpus relief under § 2241 in his district of incarceration if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Id.* at 705-06 (citing § 2255(e)).

Different circuits evaluate the "inadequate or ineffective" provision differently, and as noted by Respondent, the question of which circuit's law governs the "inadequate or ineffective" inquiry—be it the circuit in which the petitioner was convicted or the circuit in which the petitioner is incarcerated—is unsettled. (Dkt. 17, pg. 6-7); *see also Chazen*, 938 F.3d at 865 ("Today's opinion avoids resolving the choice-of-law problem ...") (Barrett, J., concurring). But this Court need not resolve whether the law of the Seventh Circuit (Petitioner's circuit of incarceration) or the Fourth Circuit (Petitioner's circuit of conviction) applies, as Petitioner cannot satisfy either circuit's savings-clause standard to bring a § 2241 claim. The Court will therefore address each circuit's precedent in turn.

## I.      The Seventh Circuit's Savings Clause Jurisprudence

In addressing the meaning of § 2255(e)'s "inadequate or ineffective" language, the Seventh Circuit has focused on "'the essential function of habeas corpus' and 'whether it is impaired … by the limitations on the use of the remedy provided in [§] 2255.'" *Franklin v. Keyes*, 30 F.4th 634, 642 (7th Cir. 2022) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). Because § 2255(h)(2) applies only to constitutional rules and not new rules of retroactive statutory law, the Seventh Circuit applies § 2255(e) to resolve this "glitch" by allowing statutory claims to proceed in a § 2241 proceeding. *Brown v. Caraway*, 719 F.3d 583, 587 n.1 (7th Cir. 2013) (citing *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008)); *see also Chazen*, 938 F.3d at 863-64 (Barrett, J., concurring).

Accordingly, to proceed under § 2241 by way of § 2255(e) on a statutory-interpretation claim in the Seventh Circuit, a prisoner must demonstrate: "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion;' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding; and (3) that the error is 'grave enough…to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in a 'conviction for a crime of which he was innocent.'" *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) ("Those familiar with our precedent will recognize these criteria as the *Davenport* factors.").[6]

---

6 Respondent preserves a challenge to the Seventh Circuit's savings-clause jurisprudence, arguing that permitting federal inmates to bring retroactive, statutory claims subverts the original aims of § 2255 as enacted by Congress. (Dkt. 17, pg. 17-22.) Respondent maintains that § 2255 is "inadequate or ineffective" only when it cannot remedy a particular category of claims. *See e.g., McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir.

## II.      The Fourth Circuit's Savings Clause Jurisprudence

The Fourth Circuit has expressly adopted the rationale of the Seventh Circuit's savings clause jurisprudence, particularly its focus "on the more fundamental defect [of § 2255] presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress." *In re Jones*, 226 F.3d 328, 333 n.3 (4th Cir. 2000). To establish § 2255(e) is "inadequate or ineffective," the Fourth Circuit requires a prisoner to demonstrate that: "(1) at the time of conviction, settled law of [the Fourth] circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.* at 333-34.

In *United States v. Wheeler*, 886 F.3d 415 (2018), the Fourth Circuit held that, in addition to undermined convictions, *"Jones* is applicable to fundamental sentencing errors," and established the following savings clause criteria specifically for sentencing challenges: "(1) at the time of sentencing, settled law of [the Fourth] circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)…;

---

2017) (en banc); *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011). The Supreme Court will hear argument on a circuit split regarding the availability of § 2255(e)'s savings clause to allow statutory interpretation claims to be raised under § 2241. *See Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, No. 21-857, —— U.S. ——, 142 S. Ct. 2706 (U.S. May 16, 2022). The Court need not hold the resolution of this case because Petitioner is not entitled to § 2241 relief regardless of the Supreme Court's resolution of *Jones*. *See Mangine*, 39 F.4th at 447.

and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 428.

Petitioner's claims challenge both the legality of his § 922(g) conviction and the legality of his ACCA-enhanced sentence. (Dkt. 1, pg. 6.) Petitioner, however, is not entitled to § 2241 habeas corpus relief on his claims as he cannot satisfy the savings-clause framework of either circuit.

## III.    Analysis

### A.    Petitioner's *Rehaif* Claim Does Not Satisfy Either *Davenport* or *Jones*

Petitioner's first claim challenges his § 922(g) conviction under *Rehaif*. *Id.* At the time of Petitioner's offense, controlling Fourth Circuit precedent required the government prove three elements to show a § 922(g)(1) violation: (1) the defendant was a convicted felon at the time of the offense (i.e., that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year); (2) that he voluntarily and intentionally possessed a firearm, and (3) that the firearm had traveled in interstate commerce. *See United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (citation and quotation marks omitted). In 2019, the Supreme Court decided *Rehaif* and held that a § 922(g) conviction requires the government prove not only that the defendant knowingly possessed a firearm, but also that the defendant knew he belonged to a group of persons prohibited from possessing a firearm. 139 S. Ct. at 2195-97. Although Petitioner does not elaborate on his claim beyond invoking *Rehaif*, he appears to contend that his § 922(g) conviction is invalid because he did not know he was a felon. (Dkt. 1, pg. 6.)

Respondent concedes *Rehaif* is a case of statutory interpretation that was not previously available to Petitioner on direct appeal or in collateral proceedings under § 2255. (Dkt. 17, pg. 10.)

8

Addressing the Seventh Circuit's savings-clause precedent first, the focus for this Court is whether Petitioner can satisfy *Davenport*'s third prong, i.e., whether Petitioner's § 922(g) conviction caused a miscarriage of justice "because he was actually innocent of the felon-in-possession crimes." *Santiago*, 36 F.4th at 706. Petitioner cannot make this showing.

As the Seventh Circuit recently reiterated in *Santiago*, actual innocence for purposes of satisfying *Davenport*'s third prong requires the petitioner to "show 'that more likely that not … no reasonable juror would find him guilty beyond a reasonable doubt.'" *Id*. at 706-07 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)) (noting this actual innocence standard is "borrowed" from the standard applicable to prisoners seeking § 2254 or § 2255 habeas corpus relief despite a procedural default). In the context of a *Rehaif* claim, this means that Petitioner "must show that no reasonable juror would find beyond a reasonable doubt that he knew that either of his prior convictions was for a crime that carried a potential sentence of more than one year in prison." *Santiago*, 36 F.4th at 707.

"[V]ery few petitioners have won relief under *Rehaif* in collateral challenges [] under § 2255, let alone § 2241." *Santiago*, 36 F.4th at 708-09 (collecting cases). As noted by the Supreme Court, a prisoner who argues that he did not know he was a felon "faces an uphill climb." *Greer v. United States,* 141 S. Ct. 2090, 2097 (2021) (addressing a *Rehaif* claim in the plain-error context on direct appeal). "The reason is simple: If a person is a felon, he ordinarily knows he is a felon…That simple truth is not lost upon juries…[and] absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id.* (emphasis in original).

9

Recently, the Seventh Circuit rejected a *Rehaif* argument made by a § 2241 petitioner who claimed to not know that his 1999 conviction for criminal trespass made him a convicted felon under § 922(g)(1). *Santiago*, 36 F.4th 707-08. Although there was room for debate as to whether the petitioner knew his convicted-felon status (he was convicted of a relatively minor crime; he was sentenced to a maximum sentence of 23 months but immediately received parole—and remained paroled even after two parole violations; and he spent only five months in custody, all of which occurred during pretrial detention), the only evidence the petitioner offered in support of his claim was "his uncorroborated denial that he knew he was a felon." *Id.* at 711. This, the Seventh Circuit held, was insufficient to invoke § 2255(e)'s savings clause. *Id.*

Like the petitioner in *Santiago*, Petitioner does not offer any "external evidence to bolster" his *Rehaif* claim. *Santiago*, 36 F.4th 711. Nor do the facts suggest, let alone leave room for debate, that Petitioner would be able to do so. Not only does the PSR demonstrate Petitioner's lengthy criminal history, but the government also summarized his criminal record at sentencing:

> …I count at least 30 incidents in his past which led to convictions, and 13 other arrests, and a whole bunch of arrests from when he was a juvenile to the present day.
>
> This is a defendant who is involved in drugs. He's involved in firearms. He's involved in assault and batteries, strong-armed robbery, assault, [assault and battery of a high and aggravated nature], criminal domestic violence, selling of drugs, the other weapons possessions, failure to stop for a blue light, possession of a stolen vehicle, and again, other drug offenses, as well.

(CR. Dkt. 78, pg. 17); *see also* (Dkt. 18-1, pg. 4-14.)

Petitioner did not object to either the PSR or the government's summary of his criminal history; rather, he acknowledged the severity of his criminal past, "I know I have a record and my record consists of armed robbery, battery and murders," (CR. Dkt. 78, pg. 21), and agreed that his

two South Carolina convictions for possession with intent to distribute a controlled substance were severe enough to be predicate offenses under the ACCA. *Id.* at 4. Beyond these concessions, several of his South Carolina convictions resulted in sentences that all exceeded one year of imprisonment—18 months for failing to stop at a blue light, five years for possessing crack cocaine, and six years for strong arm robbery, assault and battery, PWID, and possessing a firearm—and Petitioner was incarcerated for over two years, collectively, for these convictions. *See United States v. Williams*, 946 F.3d 968, 974 (7th Cir. 2020) (considering *Rehaif* claim in plain-error context on direct appeal) ("…any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show [] a *Rehaif* error"). Additionally, as Respondent notes, Petitioner was advised by the South Carolina Department of Corrections on three separate occasions that convicted felons are prohibited by law from possessing firearms and, on each occasion, acknowledged his understanding that this prohibition applied to him. (Dkt. 17-1.)

In sum, Petitioner's criminal history (which amounted to a category VI under the Federal Sentencing Guidelines), multiple state convictions (including ones severe enough to be ACCA predicates), time in prison, acknowledgement (on various occasions) that he was a felon, and admonishment by the South Carolina Department of Corrections about his felon status all "severely hamper an assertion that he was ignorant" of his convicted-felon status. *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020). Petitioner has not established that no reasonable juror would find him guilty of being a felon-in-possession beyond a reasonable doubt. *Id.* at 707.

11

He therefore cannot satisfy § 2255(e)'s savings clause to raise this claim in a § 2241 petition under Seventh Circuit precedent.[7]

Petitioner's claim fares no better under Fourth Circuit precedent. Because Petitioner's *Rehaif* claim challenges the legality of his conviction, he must satisfy *Jones* to bring a § 2241 petition via § 2255(e)'s savings clause. *See Farkas v. Butner*, 972 F.3d 548, 560 (4th Cir. 2020); *see also Rhodes v. Dobbs*, 858 Fed. App'x 658, 659 (4th Cir. 2021) (per curiam) (non-precedential opinion) (affirming denial of § 2241 petition raising *Rehaif* claim).

Respondent contests Petitioner's ability to satisfy *Jones*' second prong—that due to a subsequent change in law, the conduct for which Petitioner was convicted is no longer criminal.[8] *Jones*, 226 F.3d at 333-34. Several district courts in the Fourth Circuit have interpreted this prong as "requir[ing] an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in the law." *Butler v. Streeval*, No. 7:20-CV-00732, 2022 WL 848068, at *4 (W.D. Va. Mar. 22, 2022) (collecting cases which have held "that *Rehaif* did

---

7 The Court acknowledges that during the sentencing hearing, discussion was had regarding the PSR's summary of Petitioner's "serious and severe mental health problems." (CR. Dkt. 78, pg. 18.) Petitioner makes no reference to his mental health in support of his *Rehaif* claim, but for completeness purposes, the Court will briefly address the issue. In *Santiago*, the Seventh Circuit noted that education and mental health challenges "provide additional ground for debate about whether [a prisoner] knew" his status as a convicted felon, "[b]ut room for debate falls well short of the actual-innocence standard." 36 F.4th at 711. By this standard, the discussion of Petitioner's mental health alone is insufficient to demonstrate a miscarriage of justice. Moreover, Petitioner's counsel dispelled any notion that his mental health affected knowledge of his status at sentencing, explaining: "I don't think there was ever an issue of insanity because he's always clearly known that he had a gun and that he wasn't supposed to have a gun." (CR. Dkt. 78, pg. 19.) Thus, even had Petitioner raised such an argument, it would not have altered the Court's conclusion.

8 Specifically, Respondent claims Petitioner cannot demonstrate "actual innocence" on his *Rehaif* claim. (Dkt. 17, pg. 17.) Although the Fourth Circuit has explained that an actual innocence analysis is not required under the savings clause, *Hahn v. Moseley*, 931 F.3d 295, 302-03 (4th Cir. 2019) ("our analysis is tethered to a change in the law, not a change in the factual underpinnings or evidence of a criminal record"), Respondent appears to be using the term to challenge Petitioner's ability to establish that the conduct for which he was convicted is not criminal.

not change substantive law such that the conduct of which the prisoner was convicted is deemed not to be criminal … because that conduct, being a felon in possession of a firearm, is still illegal").

Thus, for the same reasons Petitioner cannot satisfy *Davenport*'s third prong, he cannot satisfy *Jones*' second prong. Petitioner admitted to possessing a firearm after having been "previously convicted of a number of felonies" when he pleaded guilty. (CR. Dkt. 79, pg. 14.) He was convicted of multiple felonies in South Carolina and received sentences ranging from 18 months to 6 years for these convictions. Some of his prior convictions were severe enough to qualify as ACCA predicates. And Petitioner acknowledged both his criminal history and the severity of his past crimes at sentencing. There is therefore no basis for Petitioner to claim that he did not know he was a felon. Accordingly, he cannot establish that the conduct for which he was convicted is not criminal. *See Butler*, 2022 WL 848068, at *6 (applying *Greer*'s rationale to petitioner's *Rehaif* argument and rejecting the claim on *Jones*' second prong in light of his criminal history); *Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2-3 (W.D. Va. Jan. 24, 2022) (noting defendant had been convicted of multiple felonies in concluding second *Jones* prong not satisfied); *Asar v. Travis*, No. CV 6:20-394-BHH, 2020 WL 3843638, at *3 (D.S.C. July 8, 2020), *aff'd as modified*, 858 F. App'x 676 (4th Cir. 2021) (finding *Jones*' second prong not satisfied as there were no allegations petitioner's conduct was no longer criminal and, by pleading guilty, petitioner admitted the facts essential to a conviction under § 922(g)).

Because Petitioner cannot satisfy *Jones*' second prong, the savings clause is not available to him under Fourth Circuit precedent. *See Farkas*, 972 F.3d at 560.

13

**B.      Petitioner Is Not Entitled to § 2241 Relief On His *Wheeler* Claim In Either The Seventh Circuit or The Fourth Circuit**

As for his second claim, Petitioner challenges his ACCA-enhanced sentence. He contends his South Carolina convictions for possession with intent to distribute cocaine do not qualify as "serious drug offenses" under the ACCA. (Dkt. 1, pg. 6.)

Petitioner, however, did not contest his prior South Carolina drug convictions at sentencing. Rather, he conceded that his two PWID convictions are "serious drug offenses" within the meaning of the ACCA. (CR. Dkt. 78, pg. 4.) Likewise, Petitioner raised no issue as to his prior drug convictions on direct appeal or in his § 2255 motion. Instead, he limited his ACCA-enhanced sentencing challenge on direct review to contesting his South Carolina strong arm robbery conviction as a predicate ACCA felony, *see Doctor*, 842 F.3d 306, and alleged in his § 2255 motion that his three predicate felonies were not committed on occasions different from one another as required by the ACCA. (CR. Dkt. 87, pg. 2-3.) Absent some change in the law subsequent to his direct appeal and initial § 2255 motion, Petitioner cannot use § 2255(e) to relitigate his predicate drug offenses when such a claim was available to him at sentencing, on direct appeal, and in collateral proceedings. *See Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018) (holding § 2255(e)'s savings clause unavailable where petitioner could not cite to any developments in the law postdating appellate court's rejection of his claim on collateral review); *Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 572 (4th Cir. 2021) ("Section 2255 is not inadequate or ineffective to test an argument on an unsettled point of law that the prisoner could have asserted in his original criminal proceeding, on direct appeal, or in his initial Section 2255 motion.").

In support of his argument, Petitioner cites to the Fourth Circuit's decision in *Wheeler*. (Dkt. 1, pg. 6.) But, as mentioned above, *Wheeler* addressed whether a prisoner may avail himself

14

of § 2255(e)'s savings clause to challenge the legality of his sentence based on a retroactive change in the construction of a federal sentencing statute. 886 F.3d at 427-30. It did not involve the Fourth Circuit's interpretation of South Carolina's narcotics statute or its relationship to the ACCA.[9] *Wheeler* thus has no relationship to Petitioner's challenge to his South Carolina drug convictions other than the fact that it provides the applicable savings-clause test for such a claim under Fourth Circuit precedent.

Petitioner pleaded guilty to possession with intent to distribute a controlled substance, which falls under the ACCA's definition of "serious drug offense" and thus qualifies as an ACCA predicate. *See Shular v. United States*, 140 S. Ct. 779, 787 (2020). Petitioner conceded this point at sentencing, and this Court is unaware of any intervening Supreme Court or Fourth Circuit precedent that could bring Petitioner's prior concession into doubt. *See Light*, 761 F.3d at 812 (explaining a prisoner may invoke § 2255(e) to challenge his sentence "based on a new statutory interpretation by the Supreme Court");[10] *Ham v. Breckon*, 994 F.3d 682, 689 (4th Cir. 2021) (providing that *Wheeler* requires a showing that the settled substantive law of the Supreme Court or the Fourth Circuit changed for a prisoner to pass through the savings clause to challenge his

---

9 Rather, *Wheeler* involved a petitioner who wished to challenge the legality of his sentenced based on the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), holding that "'in deciding whether a sentencing enhancement was appropriate under the Controlled Substances Act,' under the North Carolina Structured Sentencing Act, 'a sentencing court may only consider the maximum possible sentence that the *particular* defendant could have received.'" *Wheeler*, 886 F.3d at 420 (quoting *United States v. Kerr*, 737 F.3d 33, 37 (4th Cir. 2013) (emphasis in original) (discussing *Simmons*, 649 F.3d at 246-47 & n.9)).

10 Although *Davenport* held that the statutory "change of law ha[d] to have been made retroactive by the Supreme Court," 147 F.3d at 611, the Court notes that the Seventh Circuit has strayed from this requirement. "Sometimes [the Seventh Circuit has] included that requirement in [its] restatement of the test. *See, e.g.*, *Light*, 761 F.3d at 812 (allowing for 'a § 2241 challenge based on a new statutory interpretation by the Supreme Court' (emphasis added)). Sometimes [it] ha[s] not." *Chazen*, 938 F.3d at 864 (Barrett, J., concurring) (*citing Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016)) (alterations in original). This Court, however, need not decide whether the statutory-interpretation case must come from the Supreme Court to satisfy *Davenport*'s standard to bring a § 2241 petition via § 2255(e). As explained above, Petitioner cannot meet the *Davenport* standard.

sentence). In the absence of intervening statutory authority to the contrary, Petitioner cannot invoke § 2255(e)'s savings clause under either Seventh Circuit or Fourth Circuit precedent to now challenge his prior South Carolina drug convictions.

For the reasons discussed above, Petitioner cannot satisfy § 2255(e)'s savings clause to bring a § 2241 petition for habeas corpus relief. His petition is denied.

## III. NOTICE OF APPEAL RIGHTS

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(B). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion

suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**IV.      CONCLUSION**

Petitioner's § 2241 petition (Dkt. 1) is denied. Any other pending motions are denied as moot. The Clerk is instructed to enter a Rule 58 judgment in favor of Respondent and against Petitioner. Civil Case Terminated.

ENTERED:

Dated: October 18, 2022

IAIN D. JOHNSTON
United States District Judge

17